SCOTT, Appellee,

v.

LONGWORTH, Appellant.

[Cite as Scott v. Longworth, 180 Ohio App.3d 73, 2008-Ohio-6508.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–080313.

Decided Dec. 12, 2008.

---

W.C. Cross & Associates Co., L.L.C., Wende C. Cross, and Steven A. Nagel, for appellee.

Peter J. Stackpole, Assistant City Solicitor, for appellant.

RALPH WINKLER, Judge.

{¶ 1} Tiffanie Scott sued the city of Cincinnati and one of its police officers, Mark Longworth, for injuries she sustained when Longworth shot at a gunman. Officer Longworth now appeals the trial court's decision denying summary

judgment on his claim of immunity from liability under R.C. Chapter 2744. We reverse the judgment of the trial court.

## I. The Shooting

{¶ 2} At about 2:00 a.m., on May 26, 2005, Officer Longworth and his partner were in their police uniforms and riding on bike patrol in a high-crime area when they encountered a fight between two men in front of Scott's hair salon. One of the men, Donte Williams, had a 12–gauge shotgun attached to his shoulder with a sling.

{¶ 3} Officer Longworth ordered Williams to drop the shotgun, but Williams did not comply. Instead, he turned toward Officer Longworth and pointed the shotgun at him. Believing that Williams was about to shoot him or his partner, Officer Longworth aimed his gun at Williams and fired until Williams fell to the ground. Williams sustained gunshot wounds to his right flank and left shoulder.

{¶ 4} The incident took no more than a few seconds. In his affidavit, Officer Longworth contended that he had "used as much caution as possible" when he fired his gun at Williams. Officer Longworth said that he had aimed at Williams as he fired, but that he was also concerned about finding cover so that if Williams fired the shotgun at him or his partner, he would not be hit. Officer Longworth also stated, "It is challenging to have all of your shots hit the intended target when the target has a shotgun aimed at you, you are moving, and you believe you are about to be shot."

{¶ 5} Scott was with three other people in her salon at the time. One of the shots fired by Officer Longworth struck her in the leg.

{¶ 6} Officer Longworth was not aware that anyone was inside the salon until after the shooting was over. He had passed the salon earlier the same morning and had believed it to be closed.

{¶ 7} According to Scott, the lights were on inside the hair salon at the time of the shooting. She stated that the lights had been on since 8:00 p.m. the previous night.

{¶ 8} Scott's complaint against Officer Longworth asserted claims of gross negligence and negligent infliction of emotional distress. The trial court denied Officer Longworth's motion for summary judgment on the issue of immunity.

## II. Summary Judgment

{¶ 9} In reviewing the trial court's ruling on a summary-judgment motion, our standard of review is de novo.[1] Summary judgment is appropriate only where

---

1. *Comer v. Risko,* 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.

the moving party has made an affirmative showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[2] A summary judgment must not be entered unless, after construing the evidence most strongly in favor of the nonmoving party, "reasonable minds can come to but one conclusion and that conclusion is adverse" to the nonmoving party.[3]

### III. Immunity for a City Employee

{¶ 10} An employee of a political subdivision is generally not liable for personal injury in connection with the employee's performance of a governmental or proprietary function.[4] But the employee is stripped of immunity if (1) his acts or omissions were manifestly outside the scope of his employment or official responsibilities, (2) his acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner, or (3) civil liability is expressly imposed upon him by a section of the Revised Code.[5]

### IV. Longworth's Conduct Was Not Reckless

{¶ 11} In this case, only the second exception is relevant. In response to Officer Longworth's motion for summary judgment, Scott maintained that Officer Longworth was not entitled to immunity because he had acted in a reckless manner in shooting her.

{¶ 12} In a case involving a county employee's immunity, the Ohio Supreme Court recently stated that "[r]ecklessness is a perverse disregard of a known risk. Recklessness, therefore, necessarily requires something more than mere negligence. The actor must be conscious that his conduct will in all probability result in injury." [6]

{¶ 13} Even though the question of recklessness is typically a jury question, the standard for demonstrating recklessness is high.[7] So summary judgment may be appropriate where the actor's conduct "does not demonstrate a disposition to perversity." [8]

---

2. Civ.R. 56(C).

3. Id.

4. R.C. 2744.02(A)(1).

5. R.C. 2744.03(A)(6).

6. *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, paragraph three of the syllabus.

7. Id. at ¶ 75.

8. Id.

{¶ 14} In this case, construing the facts most strongly in favor of Scott, we hold that Officer Longworth's conduct did not rise to the level of recklessness. Williams had leveled a shotgun at a uniformed police officer who had ordered him to drop it. Officer Longworth's actions were reasonably calculated to defend himself and others. There was simply no evidence that Officer Longworth had consciously fired his gun with the knowledge that it was substantially certain that a bystander would be injured.[9]

{¶ 15} Consequently, we hold that the trial court erred by denying summary judgment in favor of Officer Longworth on the issue of immunity. We sustain the assignment of error and reverse the judgment of the trial court. We remand this cause to the trial court for further proceedings consistent with this decision.

### V. Scott's Failure to Appeal

{¶ 16} The trial court granted summary judgment in favor of the city on Scott's claims of negligent retention and supervision, concluding that the city was immune from liability under R.C. 2744.02(A)(1). Scott did not appeal that judgment, but in her brief she argues that the trial court erred by entering judgment in favor of the city.

{¶ 17} "[A]ssignments of error of an appellee who has not appealed from a judgment may be considered by a reviewing court only to prevent 'a reversal of the judgment under review. * * * "[A]n assignment of error by an appellee, where such appellee has not filed any notice of appeal from the judgment * * *, may be used by the appellee as a shield to protect the judgment of the lower court but may not be used by the appellee as a sword to destroy or modify that judgment." ' " [10]

{¶ 18} We may not consider Scott's assignment of error attacking the trial court's judgment in favor of the city because she failed to appeal from it. Therefore, we do not disturb that grant of summary judgment.

Judgment accordingly.

SUNDERMANN, P.J., concurs.

PAINTER, J., concurs separately.

---

9. See id.

10. Id. at ¶ 94, quoting *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, 861 N.E.2d 109, ¶ 32, quoting *Parton v. Weilnau*, 169 Ohio St. 145, 171, 158 N.E.2d 719.

PAINTER, J., concurring separately.

{¶ 19} I concur, of course. What else was Officer Longworth to do? A guy points a shotgun right at you at 2:00 a.m. You shoot.

{¶ 20} Unfortunately, Scott was in her salon a short distance away. If the alternatives were (a) to be shot almost point-blank with a shotgun, or (b) to shoot at the bad guy, knowing no one was very close, I know which one I would choose. In my view, Officer Longworth's actions were not even negligent, much less reckless or perverse.

RALPH WINKLER, J., retired, of the First Appellate District, sitting by assignment.